IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

LESLIE PRITCHETT,

Plaintiff,

vs.

UNITED STATES OF AMERICA,

Defendant.

Civ. No. 6:24-cv-02026-AA

**OPINION & ORDER**

---

AIKEN, District Judge:

Self-represented Plaintiff Leslie Pritchett brings a wrongful death claim against Defendant United States of America on behalf of the U.S. Forest Service under the Federal Torts Claims Act, 28 U.S.C. §§ 1346(b), 2671 *et seq*. *See* ECF No. 1. Defendant moves to dismiss the claim for lack of subject matter jurisdiction under Rule 12(b)(1). ECF No. 6. For the reasons stated below, Defendant's Motion, ECF No. 6, is GRANTED. Plaintiff's claim is DISMISSED with prejudice.

BACKGROUND

Plaintiff alleges that her son, Maximillian Zelaya, died on August 23, 2022, when he "w[as] standing in the shallow section of the [Deschutes] River above Dillon Falls[]" in Bend, Oregon and "was taken by the current[,]" went over the falls, struck his forehead, and drowned. Standard Form 95 ("SF-95"), ECF No. 1-1 at 1.

On August 22, 2024, Plaintiff initiated a wrongful death action against the U.S. Forest Service by filing SF-95 in Deschutes County Circuit Court. *Id.* at 1, 5. The Deschutes County Circuit Court construed the filing as a complaint and assigned Case No. 24CV40539 to Plaintiff's action. *Id.* at 5. On October 28, 2024, the court notified Plaintiff that she had not served the named defendant, U.S. Forest Service. *Id.* On November 5, 2024, Plaintiff served the U.S. Forest Service, which then received the SF-95. *Id.* at 6. On December 5, 2024, the United States, on behalf of the U.S. Forest Service, removed the action to federal court. ECF No. 1. On December 5, 2024, the United States substituted itself as Defendant. ECF No. 2.

## LEGAL STANDARD

Under Rule 12(b)(1), a court must dismiss claims over which the court lacks subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). "[T]he issue of federal court jurisdiction under [the Federal Torts Claims Act] does not arise until after removal to district court, for only there does the action become one against the United States." *Staple v. United States*, 740 F.2d 768 (9th Cir. 1984). When subject matter jurisdiction is challenged, the party asserting jurisdiction has the burden of establishing that it exists. *Kingman Reef Atoll Invs., LLC v. United States,* 541 F.3d 1189, 1197 (9th Cir. 2008).

"A Rule 12(b)(1) jurisdictional attack may be facial or factual." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). "In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction." *Id.* "By contrast, in a factual attack, the

challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." *Id.* "In resolving a factual attack on jurisdiction, the district court may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment." *Id.* If the moving party brings a factual attack on jurisdiction "by presenting affidavits or other evidence properly brought before the court, the party opposing the motion must furnish affidavits or other evidence necessary to satisfy its burden of establishing subject matter jurisdiction." *Id.*

DISCUSSION

Defendant moves to dismiss Plaintiff's wrongful death claim under the Federal Torts Claims Act ("FTCA") "[b]ecause Plaintiff . . . failed to timely exhaust administrative remedies." Def. Mot. at 2. Plaintiff does not respond to the Motion.

A federal agency may not be sued under the FTCA in its own name. 28 U.S.C. § 2679(a). The FTCA, 28 U.S.C. §§ 1346(b), 2671 *et seq.*, provides the exclusive remedy for actions for personal injury and wrongful death caused by the allegedly negligent acts and omissions of federal agencies and employees. *See* 28 U.S.C. §§ 1346(b), 2679(b)(1). The United States is the proper defendant in such actions. *Id.*

The United States, a sovereign entity, enjoys sovereign immunity and "may not be sued without its consent." *United States v. Mitchell*, 463 U.S. 206, 212 (1983). The FTCA provides a limited waiver of "the United States' sovereign immunity for tort actions and vests the federal district courts with exclusive jurisdiction over suits arising from the negligence of government employees." *Junio v. Vassilev*, 858 F.3d

1242, 1244 (9th Cir. 2017) (citation omitted). "Absent [this] waiver, sovereign immunity shields the Federal Government and its agencies from suit." *Fed. Deposit Ins. Co. v. Meyer*, 510 U.S. 471, 475 (1994).

The U.S. Forest Service is a federal agency of the United States. Plaintiff cannot bring a tort action against the U.S. Forest Service. But she can sue the United States, on behalf of the U.S. Forest Service, by bringing her tort claim against the United States in federal court—not state court—under the FTCA. Because the FTCA provides the exclusive remedy for tort claims against the United States, that is the only way Plaintiff can sue the United States on behalf of the U.S. Forest Service. However, before Plaintiff can bring her suit in federal court, she must first exhaust her administrative remedies by "giv[ing] the appropriate federal agency the opportunity to resolve the claim." *Cadwalder v. United States*, 45 F.3d 297, 300 (9th Cir. 1995); 28 U.S.C. § 2675(a). To exhaust her administrative remedies, Plaintiff must present her claim in writing to the appropriate agency, in this case, the U.S. Forest Service, and she must do so *within two years* after the claim accrues. 28 U.S.C. §§ 2401(b), 2675(a). A claim accrues "when a plaintiff knows or has reason to know of the injury which is the basis of his action." *Hensley v. United States,* 531 F.3d 1052, 1056 (9th Cir. 2008). Further, after presenting her claim to the appropriate federal agency, a plaintiff still cannot sue the United States until the agency has either denied her claim or has failed to issue a decision on the claim within six months of the claim being presented. 28 U.S.C. § 2675(a). Only then does a federal court have jurisdiction to hear a plaintiff's claim.

The FTCA's administrative exhaustion requirement prevents a court from exercising jurisdiction to hear the plaintiff's claim, and that requirement cannot be waived. *Cadwalder*, 45 F.3d at 300 (the FTCA "administrative claim prerequisite is jurisdictional"); *Vacek v. United States Postal Serv.*, 447 F.3d 1248, 1250 (9th Cir. 2006) ("We have repeatedly held that the [FTCA's] exhaustion requirement is jurisdictional in nature and must be interpreted strictly."); *Jerves v. United States*, 966 F.2d 517, 521 (9th Cir. 1992) ("Section 2675(a) [of the FTCA] establishes explicit prerequisites to the filing of suit against the Government in district court. It admits of no exceptions."). The administrative exhaustion requirement applies with equal force to unrepresented plaintiffs. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

Defendant alleges that Plaintiff failed to exhaust her administrative remedies under the FTCA because Plaintiff failed to present her claim to the U.S. Forest Service within two years after her son died. Def. Mot. at 5. Plaintiff's son died on August 23, 2022. The two-year limitations period for Plaintiff's wrongful death claim began to run on August 23, 2022, and ended on August 23, 2024. However, Plaintiff did not present her claim to the U.S. Forest Service until November 5, 2024, more than 26 months after the claim accrued. And even though Plaintiff filed a state court action against the U.S. Forest Service on August 22, 2024, Plaintiff failed to serve the U.S. Forest Service until November 5, 2024. So, the U.S. Forest Service was not presented with Plaintiff's claim until November 5, 2024.

Plaintiff thus presented her claim to the U.S. Forest Service several months too late to pursue her administrative remedies under the FTCA. Because Plaintiff did not pursue and exhaust her administrative remedies, this Court has no jurisdiction to hear Plaintiff's claim. Accordingly, the Court must dismiss Plaintiff's claim. And because it is now too late for Plaintiff to file a claim under the FTCA, the Court must dismiss Plaintiff's claim with prejudice.

**CONCLUSION**

For the reasons explained above, the Court GRANTS Defendant's Motion to Dismiss, ECF No. 6. Plaintiff's claim is DISMISSED with prejudice.

It is so ORDERED and DATED this 22nd day of May 2025.

/s/Ann Aiken
ANN AIKEN
United States District Judge